Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ERNESTO CARDONA RIVERA<br><br>Recurrente<br><br>v.<br><br>MIGUEL GONZÁLEZ H/N/C ORLY AUTO SALES<br><br>Recurrido | KLRA202400229 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor<br><br>Querella número: ARE-2023-0004409<br><br>Sobre:<br>Vehículo de Motor |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparece ante nos la parte recurrente, Ernesto Cardona Rivera, mediante revisión judicial y solicita que revoquemos la determinación emitida por el Departamento de Asuntos del Consumidor (DACO) el 22 de diciembre de 2023, notificada el 27 del mismo mes y año. Mediante el referido dictamen, la agencia declaró No Ha Lugar la querella radicada por la parte recurrente.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida.

**I**

El 27 de diciembre de 2022, Ernesto Cardona Rivera (Cardona Rivera o recurrente) presentó ante el DACO una *Querella.*[1] En el aludido escrito, la parte recurrente alegó que el 17 de noviembre de 2022 adquirió de Miguel González H/N/C Orly Auto Sales (Orly Auto Sales o recurrido) un vehículo FORD F-350 del año 2008 usado, por la cantidad de veintidós mil quinientos dólares ($22,500.00). Arguyó

---

[1] Apéndice del recurso, págs. 14-15.

Número Identificador

SEN2024 _____

que dos días después de la compraventa de la unidad, acudió al concesionario a reclamarle sobre una precipitación ("liqueo") de aceite que estaba experimentando la unidad. Indicó que la parte recurrida llevó el vehículo al mecánico y costeó el servicio. Planteó, además, que el 29 de noviembre de 2022 se percató que la precipitación de aceite continuó, por lo que le reclamó nuevamente a la parte recurrida, quien lo refirió al mismo mecánico. Alegó que, el 16 de diciembre de 2022, el mecánico le informó que Orly Auto Sales no estaría costeando la reparación, por lo que le correspondía pagarla. Por tal razón, le solicitó a el DACO que le ordenara a la parte recurrida reparar a su costo el vehículo en cuestión.

En respuesta, el 13 de enero de 2023, Orly Auto Sales presentó su *Contestación a Querella.*[2] En el referido escrito, la parte recurrida adujo que las alegaciones contenidas en la Querella no justificaban la concesión de un remedio. En consecuencia, expresó que la parte recurrente firmó un documento aceptando las condiciones del vehículo al momento de llevárselo del concesionario, ya que adquirió la unidad "AS IS" y, por tanto, no tenía garantía.

Luego de una inspección ocular ordenada por el DACO, la agencia emitió una *Notificación del Informe de Inspección.*[3] En dicho escrito, el inspector expuso los siguientes resultados:

> La unidad tiene humedad de aceite del motor. Se vendió sin garantía por millaje. El dealer llevó la unidad a reparar y pagó. Luego el querellante llevó la unidad a un taller privado y le pagó al mecánico $190.00 dólares.

Al momento de la inspección, el millaje del vehículo era doscientos nueve mil ciento cincuenta y nueve (209,159) millas. De igual forma, recomendó celebrar una vista administrativa.

Así las cosas, el 11 de abril de 2023, Orly Auto Sales presentó una *Moción Asumiendo Representación Legal, Reconsideración y*

---

[2] Véase, *Contestación a Querella* en el expediente administrativo.
[3] Véase, *Notificación del Informe de Inspección* en el expediente administrativo.

*Solicitud de Desestimación.*[4] En lo pertinente, la parte recurrida le solicitó al DACO que reconsiderara la determinación de celebrar una vista administrativa. Del mismo modo, solicitó la desestimación de la *Querella,* pues, arguyó que las alegaciones del recurrente no justificaban la concesión de un remedio ya que el vehículo se adquirió sin garantía. Alegó, además, que el Reglamento del DACO no requiere que se le brinde garantía a vehículos usados cuyo millaje sobrepase las 100,000 millas.

Por su parte, el 24 de mayo de 2023, la parte recurrente presentó *Moción Asumiendo Representación Legal y en Oposición a Solicitud de Desestimación.*[5] En síntesis, Cardona Rivera alegó que no procedía la desestimación solicitada por la parte recurrida debido a que existían controversias sustanciales de hechos esenciales y pertinentes.

Así las cosas, el 23 de agosto de 2023 se celebró la vista administrativa. Aquilatada la prueba documental y testifical desfilada, el 22 de diciembre de 2023, notificada el 27 del mismo mes y año, el DACO emitió la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la *Querella* radicada por Cardona Rivera.[6] En el referido dictamen, la agencia recurrida consignó las siguientes determinaciones de hechos:

1. El querellado Miguel González es dueño del negocio conocido como Orly Auto Sales, *dealer* dedicado a la compraventa de vehículos de motor.

2. El 17 de noviembre de 2022[,] el querellante Ernesto Cardona visitó el negocio Orly Auto Sales y se interesó en comprar un vehículo de motor usado, Ford F-350 del año 20082 *[sic]*, tablilla 1117526.

3. El vehículo tenía un millaje de 207,137 millas.

4. El querellante tuvo la oportunidad de verificar el vehículo y le hizo una prueba de carretera por varios minutos. Luego[,] aceptó comprar el vehículo.

---

[4] Véase, *Moción Asumiendo Representación Legal, Reconsideración y Solicitud de Desestimación* en el expediente administrativo.

[5] Véase, *Moción Asumiendo Representación Legal y en Oposición a Solicitud de Desestimación* en el expediente administrativo.

[6] Apéndice del recurso, págs. 24-28.

5. El precio de venta del vehículo fue $22,500.00, de los cuales se acreditó mediante *trade-in* la suma de $2,500.00 y el balance de $20,000.00 fue pagado por el querellante en efectivo.

6. El querellante firmó la factura de compraventa y un documento titulado "GU[Í]A DEL CONSUMIDOR". En ambos documentos se expresa el millaje del vehículo.

7. Conforme el documento "GU[Í]A DEL CONSUMIDOR", el vehículo no tenía garantía por tener más de 100,000 millas.

8. El 19 de noviembre[,] el querellante regresó al *dealer* querellado y reclamó que la unidad presentaba un liqueo. El querellado le indicó que el vehículo no tenía garantía[,] pero le recomendó que lo llevara al taller del mecánico que atiende los vehículos del *dealer*.

9. El querellante llevó el vehículo al mecánico del *dealer* y allí se le efectuó una reparación.

10. Posteriormente[,] el querellante volvió a reclamarle al querellado que el liqueo de la unidad continuaba, pero [e]ste no asumió [la] responsabilidad y le respondió que tenía que reclamarle al mecánico por la reparación realizada.

11. El querellante volvió a llevar la unidad al mecánico, quien realizó otra reparación por la cual el querellante le pagó.

12. El 27 de diciembre de 2022[,] el querellante presentó en el DACO la querella de epígrafe, cuya querella mediante el sistema electrónico se radicó el 28 de diciembre de 2022. El querellante alegó que el vehículo continúa presentando liqueo y solicitó como remedio la reparación del vehículo.

13. El querellante usa el vehículo continuamente.[7]

En particular, el DACO determinó que no existía alguna responsabilidad por parte de Orly Auto Sales de efectuar una reparación en garantía al vehículo del recurrente. Esto es así, pues el foro administrativo resolvió que al tener el vehículo FORD F-350 del año 2008 un millaje de doscientos siete mil ciento treinta y siete (207,137) millas al momento de la compraventa, información que era de conocimiento del recurrente al momento de su adquisición,

---

[7] Apéndice del recurso, págs. 24-25.

Orly Auto Sales no estaba obligado, conforme a la Regla 26.2 del Reglamento Núm. 7159, *supra*, a otorgar garantía alguna. Enfatizó que el recurrente firmó los documentos que indicaban el millaje del vehículo y que no le aplicaba garantía. Por tanto, expresó que Cardona Rivera aceptó adquirirlo en las condiciones en las que se encontraba y que, además, previo a realizar la compraventa, lo manejó y le hizo la prueba de carretera correspondiente.

En desacuerdo, el 11 de enero de 2024, Cardona Rivera presentó una *Moción de Reconsideración y en Solicitud de Determinación de Hechos Adicionales*,[8] a la cual se opuso Orly Auto Sales el 19 de enero de 2024.[9] Por su parte, el 25 de enero de 2024, notificada al día siguiente, el DACO emitió una *Resolución Interlocutoria y Orden*, mediante la cual tomó conocimiento de la solicitud de reconsideración y la acogió para evaluarla.[10] No obstante, la agencia no adjudicó la moción de reconsideración dentro del término estatuido para ello.

Trascurrido el termino de noventa días (90) desde que la parte recurrente presentó su *Moción de reconsideración y en solicitud de determinación de hechos adicionales* sin alguna determinación por parte del DACO, e inconforme con la determinación de la agencia, el 6 de mayo de 2024, la parte recurrente compareció ante nos y realizó el siguiente señalamiento de error:

> Erró el Departamento de Asuntos del Consumidor al concluir que el derecho aplicable es la Regla 26.[2] de su Reglamento de Garantías de Vehículos de Motor, Reglamento [N]úmero 7159 del primero de junio de 2006 y omitir aplicar los preceptos sobre vicios ocultos.

Presentada la transcripción de la prueba oral, el 25 de septiembre de 2024, la parte recurrente presentó un *Alegato suplementario de la parte recurrente*. En cumplimiento con nuestras

---

[8] Apéndice del recurso, págs. 29-35.
[9] Véase, *Oposición a Moción Solicitando Reconsideración* en el expediente administrativo.
[10] Véase, *Resolución Interlocutoria y Orden* en el expediente administrativo.

*Resoluciones* del 8 de mayo de 2024 y 25 de junio del mismo año, la parte recurrida compareció mediante *Alegato en Oposición de la Parte Recurrida* el 3 de junio de 2024 y *Réplica a Alegato Suplementario de la Parte Recurrida* el 24 de octubre del mismo año.

Con el beneficio de la comparecencia de las partes, la transcripción de la prueba oral y la copia certificada del expediente administrativo, nos disponemos a resolver el recurso que nos ocupa.

**II**

**A**

Sabido es que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024; *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta. Es por ello que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean

irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 2024 TSPR 29, 213 DPR ___ (2023).

En *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.* Véase, además, *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, supra, y *Super Asphalt v. AFI y otro*, supra, pág. 819.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*

Bajo este supuesto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675 (LPAU), estableció "el marco de revisión judicial de las determinaciones de las agencias administrativas". *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el

expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.,* págs. 35-36; *OEG v. Martínez Giraud,* supra; *Torres Rivera v. Policía de PR,* supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores,* supra, pág. 217. Nuestro Máximo Foro ha expresado que esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía,* supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.; OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675; *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Torres Rivera v. Policía de PR,* supra, pág. 627. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Íd.*

El Tribunal Supremo de Puerto Rico ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Torres Rivera v. Policía de PR,* supra, págs. 627-628; *OEG v. Martínez Giraud,* supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que

promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud*, supra, pág. 11.

**B**

El Departamento de Asuntos del Consumidor (DACO) constituye el organismo administrativo cuyo principal propósito es defender, vindicar e implantar los derechos de las personas consumidoras en nuestra jurisdicción, mediante la aplicación de las leyes que asistan sus reclamos. Art. 3 de la Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA sec. 341b; *Polanco v. Cacique Motors,* 165 DPR 156 (2005). A tenor con ello, la agencia está plenamente facultada para resolver las quejas y querellas promovidas por las personas ciudadanas en ocasión a que se transgredan las disposiciones legales que proveen para la protección de sus prerrogativas; ello, en cuanto a servicios adquiridos o recibidos del sector privado de la economía. A su vez, el DACO está facultado para conceder los remedios pertinentes mediante la debida adjudicación administrativa. 3 LPRA secs. 341h, 341i-1.

En virtud de lo anterior, mediante la aprobación del Reglamento de Procedimientos Adjudicativos del DACO, Reglamento Núm. 8034 de 14 de junio de 2011 (Reglamento Núm. 8034), el organismo adoptó un esquema uniforme de reglas para la dilucidación de las controversias sometidas a su consideración. De este modo, la agencia ve regido el ejercicio de sus poderes respecto al proceso adjudicativo de que trate, por la aplicación de normas afines a la solución justa, rápida y económica de las querellas. Regla 1 del Reglamento Núm. 8034, *supra.* Las reglas contenidas en el referido precepto aplicarán a las investigaciones y los

procedimientos administrativos sobre querellas iniciadas por consumidores o por el DACO. Regla 3 del Reglamento Núm. 8034, *supra*. Toda resolución emitida por esta agencia otorgará el remedio que en derecho proceda, aun cuando la parte querellante no lo haya solicitado. Regla 27.1 del Reglamento Núm. 8034, *supra*.

**C**

La Ley Núm.7 del 24 de septiembre de 1979, *Ley de Garantías de Vehículos de Motor*, según enmendada, 10 LPRA sec. 2051 *et seq.*, fue aprobada con el propósito de proteger a las personas consumidoras en la compra de vehículos, garantizándoles que todo vehículo de motor que se adquiera cuente con las mismas garantías de fábrica que la compañía fabricante o la manufacturera otorga a estas unidades en los Estados Unidos. Artículo 3 de la Ley Núm. 7 del 24 de septiembre de 1979, 10 LPRA sec. 2053. De igual forma, vela porque los intereses de las personas consumidoras sean salvaguardados ante los intereses de la compañía manufacturera, distribuidora o vendedora. *Íd.* Por tal razón, este estatuto le otorgó al DACO la facultad de adoptar aquellos reglamentos o reglas necesarias para hacer cumplir el propósito de esta ley. Artículo 13 de la Ley Núm. 7 del 24 de septiembre de 1979, 10 LPRA sec. 2063.

En cumplimiento con la referida facultad, el DACO aprobó el *Reglamento de Garantías de Vehículos de Motor*, Reglamento Núm. 7159 de 6 de junio de 2006 (Reglamento Núm. 7159). En específico, las Reglas 26 a la 31 regulan lo relacionado con los vehículos de motor usados. *Íd.* En la Regla 26.1 se expresa una prohibición de la venta de un vehículo de motor usado sin garantía. *Íd.* No obstante, en su Regla 26.2, el Reglamento establece lo siguiente:

> Tod[a] [persona o compañía] vendedor[a] de vehículos de motor usados, concederá garantía, en piezas y mano de obra. Esta garantía será a base del millaje recorrido y según la siguiente escala:
>
> a) Hasta 36,000 millas - cuatro (4) meses o cuatro mil (4,000) millas, lo que ocurra primero.

b) Más de 36,000 millas y hasta 50,000 millas - tres (3) meses o tres mil (3,000) millas, lo que ocurra primero.

c) Más de 50,000 millas y hasta 100,000 millas - dos (2) meses o dos [mil] (2,000) millas, lo que ocurra primero.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte recurrente argumenta, en su único señalamiento de error, que el DACO incidió al concluir que el derecho aplicable es la Regla 26.2 de su Reglamento Núm. 7159, *supra,* y omitir aplicar los preceptos sobre vicios ocultos. Habiendo examinado el referido señalamiento a la luz del derecho aplicable, la prueba y la transcripción de prueba oral confirmamos la resolución administrativa recurrida. Nos explicamos.

En particular, la parte recurrente nos plantea que incidió el organismo administrativo al aplicar la Regla 26.2 del Reglamento Núm. 7159, mejor conocido como *Reglamento de Garantías de Vehículos de Motor,* en vez de utilizar la doctrina de vicios ocultos a la luz del Código Civil de 2020. Tras un examen sosegado del expediente administrativo y la transcripción de la prueba oral nos es forzoso concluir que la parte recurrente no presentó una causa de acción bajo la teoría de vicios ocultos ante el DACO y mucho menos presentó prueba que sustentara dicho reclamo. De igual forma, surge de la transcripción de la prueba oral que la parte recurrente pretendió enmendar sus alegaciones, al intentar presentar prueba sobre vicios ocultos, pero la misma fue objetada de manera oportuna por la parte recurrida. A pesar de haber tenido la oportunidad de presentar nuevamente prueba sobre vicios ocultos, surge de la transcripción de la prueba oral que la parte recurrente no lo hizo.

Conforme a lo dispuesto en la Regla 26.1 del Reglamento Núm. 7159, *supra,* se prohíbe la venta de vehículos de motor sin garantía. No obstante, la Regla 26.2 de dicho Reglamento, establece las garantías que debe otorgar la persona vendedora de vehículos usados a base del millaje recorrido por la unidad hasta las cien mil (100,000) millas. Es decir, un vehículo con más de cien mil (100,000) millas, no goza de garantía, conforme al Reglamento precitado.

En el caso de autos, el vehículo en cuestión tenía doscientos siete mil ciento treinta y siete (207,137) millas al momento de adquirirlo, por lo que no tenía garantía. Por consiguiente, la determinación recurrida obedeció a un ejercicio razonable de apreciación de prueba por parte de la agencia, a la adecuada función de las facultades legales que le asisten, así como también, a una correcta interpretación y aplicación del derecho pertinente. En particular, la *Resolución* recurrida está basada en evidencia sustancial que no fue controvertida por la parte recurrente.

En mérito de lo antes expuesto, sostenemos la determinación de la agencia recurrida. Nada en el expediente de autos sugiere que el pronunciamiento que atendemos haya sido resultado de un ejercicio arbitrario atribuible al DACO. Por tanto, toda vez que el recurrente no derrotó la presunción de corrección de la *Resolución* que nos ocupa, confirmamos la determinación administrativa recurrida.

**IV**

Por los fundamentos que anteceden, confirmamos la determinación administrativa recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones